NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 5 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10389 |
| Plaintiff-Appellant, | D.C. No. 4:17-cr-01301-JAS-BGM-1 |
| v. | |
| IRIS RODRIGUEZ, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Argued and Submitted October 2, 2019
San Francisco, California

Before: FERNANDEZ and PAEZ, Circuit Judges, and CHOE-GROVES,[**] Judge.

Iris Rodriguez was seized and searched at an interior immigration checkpoint in Arizona. That search resulted in the discovery of methamphetamine for which Rodriguez was later indicted. Rodriguez moved to suppress the methamphetamine on the ground that she did not voluntarily consent to the search.

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jennifer Choe-Groves, Judge for the United States Court of International Trade, sitting by designation.

The district court referred the motion to a magistrate judge for a Report and Recommendation ("R&R"). At the evidentiary hearing on her motion, Rodriguez and Border Patrol Agent Vanessa Salcedo testified. Agent Salcedo interviewed and searched Rodriguez. In his R&R, the magistrate judge credited Agent Salcedo's testimony over Rodriguez's and recommended that the district court deny the motion.

The district court, however, declined to follow the magistrate judge's recommendation and granted Rodriguez's motion. The government then filed an interlocutory appeal of the district court's order under 18 U.S.C. § 3731. On appeal, the government raises two arguments: (1) the court procedurally erred when in failed to hold a de novo evidentiary hearing before implicitly rejecting the magistrate judge's credibility findings; and (2) the district court applied the wrong legal standard for assessing the voluntariness of Rodriguez's consent to the search. We agree with the government's first argument and therefore do not address the second.

The Due Process Clause prevents a district court from rejecting a magistrate judge's credibility determinations that favor the defendant unless the court first conducts a de novo evidentiary hearing. *United States v. Ridgway*, 300 F.3d 1153, 1156–57 (9th Cir. 2002). But, because the government has no due process rights, the Constitution does not mandate a "symmetrical" rule for cases where the district

court rejects a magistrate judge's credibility findings favorable to the government. *United States v. Thoms*, 684 F.3d 893, 902 (9th Cir. 2012). Instead, we have invoked our "supervisory authority" to adopt a "narrower rule" specifying that a district court abuses its discretion when it rejects a magistrate judge's credibility findings that favor the government, unless those findings had no legally sufficient evidentiary basis. *Id.* at 903. Because the magistrate judge made credibility determinations in the government's favor, our analysis is guided by *Thoms*.

Here, the district court made at least one factual finding inconsistent with the magistrate judge's credibility findings. The magistrate judge found that Agent Salcedo credibly testified that she twice obtained Rodriguez's consent before conducting the search of her person.

The district court, however, found Agent Salcedo's characterization of her interaction with Rodriguez "to be a strained reading of the interaction" and declined to characterize the exchange "as unequivocal consent." The district court's characterization of the exchange constituted an implicit rejection of the magistrate judge's crediting of Agent Salcedo's testimony. Although the district court could have reasonably rejected Agent Salcedo's testimony, it could have done so only after conducting an evidentiary hearing of its own. *Id.* at 896. In failing to hold a hearing, we agree with the government that the district court procedurally erred.

3

For the above reasons, the district court's suppression order is vacated and the matter is remanded for further consideration. "That consideration on remand, we presume, will include a de novo hearing before the district judge, but we leave it to the district court to determine the scope of that hearing." *Id.* at 906.

**VACATED AND REMANDED.**